**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CALCOL, INC.** | ) | **CASE NO. 1:05 CV 00863** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **SIG SIMONAZZI, S.p.A.** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File Second Amended Complaint Instanter. For the following reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Leave to File Second Amended Complaint Instanter is denied.

**I. FACTUAL BACKGROUND**

Plaintiff Calcol, Inc. is a holding company that operates a soft drink manufacturing company. Plaintiff is a Delaware corporation with its principal place of business in Cleveland, Ohio. Defendant SIG Simonazzi S.p.A. (successor corporation to Sasib Beverages S.p.A.) is an

Italian corporation with its principal place of business in Parma, Italy.  In 1995, Plaintiff and Sasib entered into a purchase and sales agreement regarding soft drink bottling equipment.  Under the agreement, Sasib was to manufacture the equipment in Italy for shipment and installation in Beijing, China.  The total purchase price of the agreement was $3,702,250.  The agreement required Plaintiff submit a down payment of $562,919, which Plaintiff did.  After making the initial down payment, Plaintiff made no further payments except an interest payment of $15,000.  Therefore, in a letter dated July 27, 1997, Sasib stated that it "irrevocably consider[ed] terminated the supply agreement" and declared it would "retain the relevant down payment as well as the payment of $15,000 for one month's interest, by way of penalties."  Nevertheless, Plaintiff alleges negotiations took place between the parties until fall of 2003 and the parties had agreed Plaintiff's down payment would be applied to whatever purchase eventuated.  No agreement was reached and Defendant retained Plaintiff's down payment.

On December 20, 2004, Plaintiff filed the original Complaint in this action in the Cuyahoga County Court of Common Pleas.  In such Complaint, Plaintiff mistakenly named SIG Beverages North America as the defendant.  SIG Beverages subsequently advised Plaintiff it was not a proper party to the lawsuit.  Accordingly, on March 22, 2005, Plaintiff, with leave of court, filed the First Amended Complaint, substituting Simonazzi for SIG Beverages.  Additionally, Plaintiff added a clause regarding the 1997 letter and took out a clause regarding the alleged negotiations between 1997 and 2003.  On April 1, 2005, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, due to complete diversity between the parties.  Now before this Court are Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File Second Amended Complaint Instanter.

## **II.  LAW AND ANALYSIS**

### **DEFENDANT'S MOTION TO DISMISS**

Defendant moves this Court to dismiss this action on the ground that the applicable statute(s) of limitations bar(s) Plaintiff's claims.  Neither Plaintiff nor Defendant disputes the fact that the applicable statute of limitations for Plaintiff's right to return deposit claim pursuant to Ohio Rev. Code § 1302.92 is four years under Ohio Rev. Code § 1302.98 and the applicable statute of limitations for Plaintiff's unjust enrichment claim is six years under Ohio Rev. Code § 2305.07.  However, the parties dispute when the applicable statute(s) of limitations began to run.

Under both Ohio Rev. Code §§ 1302.98(A) and 2305.07, the statute of limitations begins to run when the cause of action accrues.  According to Ohio Rev. Code § 1302.98(B), "the cause of action accrues when the breach occurs."  Defendant asserts the breach about which Plaintiff complains was Defendant's refusal to return Plaintiff's down payment.  According to Defendant, the July 27, 1997 letter to Plaintiff stating Defendant was not going to return Plaintiff's down payment gave Plaintiff clear evidence that Defendant was allegedly committing a breach of the agreement.  *City of Akron v. Rogers Indus. Prods.*, 1997 Ohio App. LEXIS 4529, *7-*8 (Ohio Ct. App. Oct. 8, 1997).

Plaintiff asserts, and Defendant agrees, accrual does not start until "the date when the [plaintiff's] money or property is wrongly retained."  *Chaplain Keiffer Post 1081 v. Wayne Cty. Veterans Assn.*, 1988 Ohio App. LEXIS 3815, *8 (Ohio Ct. App. 1988).  However, in its Motion for Leave to File Second Amended Complaint Instanter, Plaintiff contends after the abandonment of the 1995 contract, the parties negotiated regarding potential alternate sales to which Plaintiff's down payment would be applied.  Such negotiations were alleged to have taken

place until fall of 2003.  Plaintiff claims until this time, Defendant's retention of Plaintiff's down payment was not wrongful and the claims therefore did not accrue until fall of 2003.

Ultimately, because Defendant expressly stated in its July 27, 1997 letter to Plaintiff that it would not return Plaintiff's deposit and it would retain $15,000 interest by way of penalties, this Court finds the claim(s) accrued on that date.  Plaintiff wishes to amend its Complaint to assert its down payment was not wrongfully retained until fall of 2003 due to its continued negotiations with Defendant.  However, no case law has been provided by Plaintiff nor found by the Court to support such an assertion.  Accordingly, Plaintiff's right to return deposit claim must fail because it was not made within the applicable four year statute of limitations.  Additionally, although Plaintiff's unjust enrichment claim is a permissible alternative claim, Plaintiff does not even meet the six year statute of limitations applicable to claims of unjust enrichment.  Therefore, because Plaintiff's claims accrued on July 27, 1997, this Court finds they are barred by the applicable statutes of limitations.

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT INSTANTER

Plaintiff seeks leave from this Court to file its Second Amended Complaint in this case "to clarify its allegations against Defendant" regarding the timing of the suit.  Although Federal Rule of Civil Procedure 15(a) states, "leave shall be freely given when justice so requires," Plaintiff's allegations regarding negotiations that took place between 1997 and 2003 were contained in the original Complaint and Plaintiff chose to amend its Complaint and omit any mention of such negotiations.  This information Plaintiff wishes to reintroduce through a Second Amended Complaint is not newly acquired, and was clearly known to Plaintiff at the beginning of the lawsuit.  Moreover, because this Court has decided to grant Defendant's Motion to Dismiss, it would be futile to grant Plaintiff's Motion for Leave to File Second Amended

Complaint Instanter. Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint Instanter is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Leave to File Second Amended Complaint Instanter is denied.

IT IS SO ORDERED.

| | |
|---|---|
| April 12, 2006 | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |